

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-75,134-03

### EX PARTE DANA ABDOLAHI-DAMANEH, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W05-00507-W(C) IN THE 363RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of aggravated robbery and sentenced to imprisonment for forty years. The Fifth Court of Appeals affirmed Applicant's conviction in *Abdolahi-Damaneh v. State*, No. 05-05-01312-CR (Tex. App.—Dallas 2007)(not designated for publication).

In June of 2009, Applicant filed his initial application for habeas relief in the trial court, alleging, among other things, ineffective assistance of counsel. On September 14, 2011, this Court denied relief. *Ex parte Abdolahi-Damaneh*, No. WR-75,134-01 (Tex. Crim. App. 2011)(not

designated for publication).

In this subsequent application, Applicant alleges the State suppressed exculpatory evidence at Applicant's trial. Applicant also alleges new mitigating evidence has been discovered that would change the outcome of the sentencing hearing. Applicant claims that because the factual basis for Applicant's current claim was not available when he filed his previous application, this application is not barred under the provision of provisions of Article 11.07, Section 4(a) of the Texas Code of Criminal Procedure.

However, it appears that Applicant may have been able to access the prosecutor's trial file during the previous habeas proceedings since the initial application was filed after Dallas County instituted the open file policy for post-conviction matters. Therefore, additional facts are needed in order to determine whether this Court is barred from considering the merit of the instant application. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall make findings of fact and conclusions of law as to whether or not the factual basis of Applicant's claims were ascertainable through the exercise of reasonable diligence on or before the date the initial application was filed. *Ex parte Lemke*, 13 S.W.3d 791 (Tex. Crim. App. 2000). The trial court shall also make findings of fact and conclusions of law as to whether Applicant's claims are barred by TEX. CODE CRIM. PROC. art. 11.07, § 4(c). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 30 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 60 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 18, 2017
Do not publish